UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN ALEXANDER JORDAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 4:17-cv-2894-AGF |
| ST. LOUIS METROPOLITAN POLICE DEPARTMENT, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Steven Alexander Jordan for leave to proceed in forma pauperis in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff has named the St. Louis Metropolitan Police Department as the sole defendant.

Plaintiff states that, on January 19, 2011, he was arrested and charged with murder in the first degree, assault in the first degree, and two counts of armed criminal action in St. Louis City Court. He alleges that, in violation of his Constitutional rights, he was subjected to malicious prosecution, false imprisonment, false arrest, defamation, and assault, and was released two years later on a *nolle prosequi*. Plaintiff claims that "a computer contained 64 voice recordings provided evidence of innocence to the St. Louis City Justice Center Courts before May 5, 2011. However no immediate process was initiated to restore life or liberty." (Docket No. 1 at 4). Plaintiff also alleges that, while incarcerated, he suffered nerve damage to his right shoulder and hip. However, he does not explain the defendant's role in the infliction of those injuries. He seeks monetary damages, and expunction of his record.

Plaintiff has previously filed complaints in this Court alleging these same claims based upon these same facts. In *Jordan v. St. Louis City Justice Center, et al.*, Case No. 4:17-cv-2681-AGF (E.D. Mo. Dec. 4, 2017), plaintiff filed such a complaint against this defendant and three other defendants. On December 4, 2017, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) after determining that it was frivolous and/or failed to state a claim upon which

relief could be granted.[1]  Plaintiff filed other complaints alleging these same claims, based upon these same facts, against different defendants. *See Jordan v. 22nd Judicial Circuit Court*, Case No. 4:17-cv-2680-RWS (E.D. Mo. Nov. 9, 2017); *Jordan v. State of Missouri District Attorney's Office*, Case No. 4:17-cv-2893-AGF (E.D. Mo. Dec. 26, 2017).  Those complaints were also dismissed pursuant to 28 U.S.C. § 1915(e) on the grounds they were frivolous and/or failed to state a claim upon which relief could be granted.

## Discussion

The instant complaint alleges the same claims based upon the same facts as prior complaints filed by plaintiff and dismissed by this Court pursuant to 28 U.S.C. § 1915(e).  While the dismissal of the prior complaints "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915(e) dismissal has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*per curiam*) (quoting *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).  Accordingly, the Court determines that the § 1915(e) dismissals of plaintiff's prior cases have res judicata effect and establish that this complaint, making the same allegations based upon the same facts, is frivolous for § 1915(e) purposes.

The complaint is also frivolous and subject to dismissal because plaintiff's claims are barred by the statute of limitations.  In *Wallace v. Kato*, the United States Supreme Court held that the statute of limitations upon a § 1983 claim seeking damages for a false arrest/false imprisonment in violation of the Fourth Amendment, where the arrest is followed by criminal

---

[1]Plaintiff filed a notice of appeal in this action on December 13, 2017.

proceedings, begins to run at the time the claimant is detained pursuant to legal process. 549 U.S. 384, 397 (2007). Section 1983 claims are analogous to personal injury claims, and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). In this case, plaintiff's claims stem from a January 9, 2011 arrest, but he did not file the complaint until December 18, 2017. Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Finally, even if plaintiff's claims were not time-barred, the complaint would be dismissed as legally frivolous because the defendant is not an entity that can be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). The Court concludes that the complaint is subject to dismissal on these bases, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process upon the complaint because it is legally frivolous and/or it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 13th day of February, 2018.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE